IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MIKE EDWARD ISERLOTH, <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, Acting Commission of Social Security, <br><br> Defendant. | CV-16-00114-GF-BMM-JTJ <br><br><br> ORDER |

Plaintiff Mike Iserloth filed a Complaint requesting a review of the Social Security Administration's decision to deny him disability benefits on November 8, 2016. (Doc. 2). Judge Johnston entered Findings and Recommendations in this matter on October 2, 2017. (Doc. 16.) Judge Johnston recommended that the Court grant Iserloth's Motion for Summary Judgment and deny the Commissioner's Motion for Summary Judgment. *Id.* at 22. Judge Johnston further recommended that Iserloth's claim be remanded to the Commissioner with instructions for the Administrative Law Judge ("ALJ") to calculate and award benefits. *Id.*

The Commissioner timely filed an objection. (Doc. 17.) The Commissioner objects to Judge Johnston's findings that the ALJ improperly assessed Iserloth's

1

credibility and Dr. Warr's opinion. *Id.* at 2. The Commissioner additionally objects to Judge Johnston's finding that Iserloth has satisfied all of the requirements of the "credit-as-true" rule. *Id.* The Commissioner asks that this Court decline to adopt Judge Johnston's findings and recommendations and affirm the Commissioner's final decision. *Id.*

The Court reviews *de novo* Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). The Court reviews portions of Judge Johnston's Findings and Recommendations not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

**A. Iserloth's Credibility**

Judge Johnston determined that the ALJ failed to identify what specific testimony from Iserloth lacked credibility in light of the evidence that the ALJ cited. (Doc. 16 at 12.) Judge Johnston determined that it is not the Court's role to discern what specific complaints the ALJ found not credible. *Id.* at 12. The Ninth Circuit has recognized that when evaluating a claimant's subjective symptom testimony, the ALJ must identify specifically what testimony is not credible and what evidence undermines the claimant's complaints. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). General findings prove insufficient. *Id.*

The Commissioner agrees that the ALJ must identify the testimony she found not credible. (Doc. 17 at 3.) The Commissioner argues, however, that Judge Johnston overstated the level of specificity that an ALJ must provide in that analysis. *Id.* The Court agrees with Judge Johnston's determination that the ALJ failed to identify what specific testimony from Iserloth proved not credible. The ALJ made general findings regarding Iserloth's abilities. The ALJ further failed to link the non-credible evidence with the particular part of the record that supported her non-credibility determination.

**B. Dr. Warr's Opinion**

An ALJ may reject a treating physician's opinion when contradicted by another physician's opinion only by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). For example, contradictions between a doctor's opinion and that doctor's own clinical notes constitutes a specific and legitimate reason to reject a treating physician's opinion that has been contradicted. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009).

Judge Johnston determined that the ALJ gave very little weight to Dr. Warr's opinion as Iserloth's treating physician. (Doc. 16 at 14.) The ALJ gave "some weight" to the opinions of Dr. David Jordan and Dr. William Fernandez. Neither of these doctors treated or examined Iserloth. *Id.* Judge Johnston

determined that the ALJ failed to provide, under these circumstances, a specific and legitimate reason for rejecting Dr. Warr's opinions as the treating physician. *Id.* at 16. Judge Johnston further concluded that the ALJ failed to cite to the substantial evidence that supported her determination that Dr. Warr's opinions contradicted his clinical notes. *Id.*

The Commissioner argues that the Court must look to the record to see whether the evidence supports the ALJ's conclusions, even if the ALJ referred to that evidence by exhibit number rather than page number. (Doc. 17 at 4.) The Court functions to provide a review of the ALJ's decision based on the reasoning and factual findings set forth by the ALJ. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226 (9th Cir. 2009). The Court possesses a duty to look to the record to see whether the evidence supports the ALJ's conclusions. It proves nearly impossible, however, for the Court to know on what issue the ALJ bases her decision when the ALJ cites to the entirety of 140 pages of medical records. The Court agrees with Judge Johnston's determination that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in rejecting Dr. Warr's opinion as Iserloth's treating physician.

**C. Remedy**

A remand to the agency for "additional investigation or explanation" generally provides the appropriate remedy. *Treichler v. Comm'r of Soc. Sec.*

*Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Congress has granted courts some additional flexibility, however, "to reverse or modify an administrative decision without remanding the case for further proceedings." *Id.* Remand for an award of benefits proves appropriate under the following circumstances: (1) the record has been developed fully and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).

Judge Johnston determined that Iserloth had satisfied all three prongs of *Garrison*. (Doc. 16 at 21.) Judge Johnston determined that the extensive record, including medical records and testimony, corroborated Iserloth's impairments. *Id.* Judge Johnston determined that the ALJ failed to provide legally sufficient reasons for rejecting the informed medical opinion of Dr. Warr. If Dr. Warr's opinion was credited as true, Dr. Warr's opinion establishes that Iserloth was disabled for the period of time set forth in the "Disability Questionnaire." *Id.* Judge Johnston finally determined there exists no "serious doubt" based on "an evaluation of the record as a whole" that Iserloth is disabled. *Id.* at 22.

The Commissioner argues that a remand for a finding of disability would not be the appropriate remedy. (Doc. 17 at 5.) The Commissioner contends that conflicts remain in the record between the opinions of Dr. Jordan and Dr. Fernandez and the opinion of Dr. Warr. *Id.* at 6. The Commissioner further argues that remand to the agency for additional investigation or explanation would be the appropriate remedy. *Id.* at 5.

The decision whether to remand a case for additional evidence, or to award benefits, falls within the discretion of the court. *Trevizo*, 871 F.3d at 682. A treating physician's opinion may be contradicted only by a non-treating physician if the ALJ provides specific and legitimate reasons that are supported by substantial evidence. *Id.* at 675. The ALJ failed to provide legally sufficient reasons for rejecting the informed medical opinion of Dr. Warr. Dr. Warr's opinion, if credited as true, establishes the disability of Iserloth. Dr. Warr's opinion prevails over non-treating physicians' opinions.

The Court agrees with Judge Johnston's determination that Iserloth has satisfied the *Garrison* test. The Court further agrees with Judge Johnston's determination that remand for an award of benefits remains appropriate.

## CONCLUSION

The Court has reviewed de novo Judge Johnston's Findings and Recommendations specifically objected to. The Court has reviewed for clear error

Judge Johnston's remaining Findings and Recommendations. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 16), are ADOPTED IN FULL.

**IT IS ORDERED** that the Commissioner's Motion for Summary Judgment is DENIED.

**IT IS ORDERED** that Iserloth's Motion for Summary Judgment is GRANTED.

**IT IS FURTHER ORDERED** that Iserloth's claim is REMANDED to the Commissioner. The Commissioner shall instruct the ALJ to calculate and award benefits.

DATED this 29th day of November, 2017.

Brian Morris
United States District Court Judge