IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MIKE EDWIN ISERLOTH,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CV 16-114-GF-BMM<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR AWARD OF EAJA FEES** |

**I. Synopsis**

After judicial review by the undersigned, Mr. Iserloth's case was remanded to the Commissioner of Social Security for calculation of an award of benefits, after the Court concluded that the Administrative Law Judge's (ALJ) determination denying benefits was not supported by substantial evidence. (Doc. 18). Mr. Iserloth now requests attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 20). For the reasons set forth below, the Commissioner's position was substantially justified and therefore, Mr. Iserloth is not entitled to attorney's fees under the EAJA.

**II. Jurisdiction and Venue**

The District Court has jurisdiction under 42 U.S.C. § 405(g). This motion

1

has been referred to the undersigned. (Doc. 22). Venue is proper in the Great Falls Division of the District of Montana because Mr. Iserloth resides in Cascade County, Montana. 28 U.S.C. § 1391(e); Local Rule 1.2(c)(2).

### III. Status

On November 29, 2017, the District Court remanded the case to the Commissioner for calculation of benefits. (Doc. 18). On January 30, 2018, Mr. Iserloth filed an Application for Award of EAJA Fees, requesting $7,042.09 in attorney's fees. (Doc. 20). The Commissioner opposed the award of fees in Mr. Iserloth's motion, arguing that the Commissioner's decision was substantially justified. (Doc. 21). The motion is ripe for decision.

### IV. Standards

The EAJA provides for an award of attorney's fees to a prevailing party (other than the United States), unless the position of the United States was substantially justified or other circumstances make the award of attorney's fees unjust. 28 U.S.C. § 2412(d)(1)(A). It is the burden of the government to prove its position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

The position of the government can be substantially justified even if it was not correct. *Pierce v. Underwood*, 487 U.S. 552, 556 n. 2 (1988). A position is

substantially justified if it has a "reasonable basis in both law and fact." *Id.* at 555. Substantial justification means "justified to a degree that could satisfy a reasonable person." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017). This includes situations in which "reasonable people could differ as to the appropriateness of the contested action." *Pierce*, 487 U.S. at 565. Furthermore, the government "need not show it had a substantial likelihood of prevailing." *Petition of Hill*, 775 F.2d 1037, 1042 (9th Cir. 1985). Rather, the Commissioner's position is substantially justified so long as "some evidence" supports it. *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991).

**V. Facts**

On January 23, 2014, Mr. Iserloth applied for disability benefits and supplemental security income. (Doc. 7 at 158-73). The Administration denied his claim on March 11, 2014, and affirmed its denial of Mr. Iserloth's claim upon reconsideration on July 21, 2014. (*Id.* at 80-92, 108-20).

On August 26, 2014, Mr. Iserloth requested a hearing with an ALJ. (*Id.* at 146-47). The ALJ conducted a video hearing on April 22, 2015, at which Mr. Iserloth appeared with counsel. (*Id.* at 40-77). On June 5, 2015, the ALJ determined Mr. Iserloth did not qualify for benefits. (*Id.* at 25-34). On August 3, 2015, Mr. Iserloth requested the Social Security Administration Appeals Council

(Appeals Council) review the ALJ's determination. (*Id.* at 15). On September 13, 2015, the Appeals Council denied Mr. Iserloth's request, making the ALJ's determination the final decision of the Commissioner. (*Id.* at 1-4).

On November 8, 2016, Mr. Iserloth filed a Complaint seeking judicial review of the Commissioner's decision. (Doc. 1). United States Magistrate Judge John Johnston found that 1) The ALJ committed legal error in determining that Mr. Iserloth's statements about the intensity, persistence, and limiting effect of his symptoms are not entirely credible, and 2) The ALJ's determination that Dr. Warr's opinions were not be given significant weight is based upon legal error and not supported by substantial evidence. (Doc. 16 at 22).

Mr. Iserloth requests an award of attorney's fees totaling $7,042.09 for 6.7 hours of work at a rate of $192.68 per hour, and for 29.35 hours at a rate of $195.95 per hour. (Doc. 20 at 4).

## VI. Analysis

Mr. Iserloth meets the initial requirements under the EAJA. He is the prevailing party, he is an individual whose net worth does not exceed two million dollars, and he alleges that the position of the United States in the underlying case was not substantially justified. (Doc. 19 at 3). Additionally, the United States does not dispute the reasonableness of Mr. Iserloth's calculation of attorney fees.

The question is whether the United States was substantially justified in defending the Commissioner's decision.

In its Findings and Recommendations,[1] the Court found that the ALJ did not specifically identify what of Mr. Iserloth's testimony was not credible in light of the evidence she cited, which was legal error. (Doc. 16 at 12). The Court also found that the ALJ did not cite to specific medical records to support her determination that Dr. Warr's opinions were contradicted by his own records, but instead cited to 140 pages of medical records. (*Id.* at 16). Thus, the ALJ's failure to cite to specific records led the Court to find that her decision was not supported by substantial evidence. (*Id.* at 16-17).

The Commissioner argues that its position was substantially justified, and therefore the Court must not award fees. (Doc. 21). The Commissioner argues that her position need not be correct in order to be "substantially justified," so long as it has a "reasonable basis in law and fact." (*Id.* at 2 (citing *Pierce*, 487 U.S. at 566 n.1)).

The Court determined that the ALJ erred in discounting Mr. Iserloth's credibility as well as the opinion of the treating physician, Dr. Warr. (Doc. 16 at

---

[1] The Findings and Recommendations (Doc. 16) were adopted in full by the District Court. (Doc. 18).

12-17). With respect to Mr. Iserloth's credibility, the Commissioner argues that the ALJ's credibility finding need only be "sufficiently specific to permit the court to conclude that the ALJ did not 'arbitrarily discredit a claimant's testimony.'" (Doc. 21 at 3 (quoting *Bunnell v. Sullivan*, 947 F.3d 341, 345 (9th Cir. 1991) (en banc)).

In the ALJ's decision, she determiend that Mr. Iserloth's "statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely credible." (Doc. 7 at 16). The ALJ then discussed 1) some of the medical care and treatment Mr. Iserloth received for his cancer treatment and how he responded to this treatment, 2) a June 14, 2014 "Functional Report" which Mr. Iserloth provided which the ALJ determined "indicates he is not as limited as he alleges or perceives himself to be," and 3) Mr. Iserloth's testimony at the hearing. (*Id*. at 16-17). The Court determined that the ALJ did not specifically match these observations with what specific testimony from Mr. Iserloth was not credible, and therefore committed legal error. (Doc. 16 at 12).

However, although the ALJ committed legal error, the Court determines that the Commissioner's defense of the ALJ's credibility assessment was substantially justified because it is supported by a "reasonable basis in both law and fact."

As for Dr. Warr's opinion, the Commissioner argues that her position was

substantially justified because "some evidence" supported it. (*Id*. at 21 (citing *Williams*, 966 F.2d at 1261). While lacking in specificity, the Court found that the ALJ's stated reason, is a legitimate reason for rejecting the credibility of a treating physician's controverted opinion. "[C]ontradictions between a doctor's opinion and that doctor's own clinical notes is a specific and legitimate reason to reject a treating physician's opinion that is contradicted." (Doc. 16 at 16 (citing *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009)). Therefore, the ALJ had a reasonable basis for rejecting Dr. Warr's opinion, even if she was factually incorrect.

Mr. Iserloth argues that the government's decision to defend the ALJ's position was substantially unjustified, and cites to *Shafer v. Astrue*, 518 F.3d 1067 (9th Cir. 2008). (Doc. 23 at ). In *Shafer*, the Ninth Circuit held that the government's defense of the ALJ's opinion was not substantially justified. The Court reviewed the ALJ's opinion and found it was " 'infected' with procedural errors." *Id.* at 1068. The Ninth Circuit remanded the matter because the ALJ's opinions were "factually inaccurate" and that he repeatedly "made no finding" or failed to mention the physicians' opinions that didn't support his conclusory opinion of non-disability. *Shafer v. Barnhart*, 120 Fed. Appx. 688, 692-96 (9th Cir. 2005). Here, however, the ALJ's errors were not arbitrary, merely lacking in

specificity. As such, the holding of *Shafer* is not germane to the facts of this case, and the government was substantially justified in defending the Commissioner's position.

## VII. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's Application for Award of EAJA Fees (Doc. 20) is **DENIED.**

Dated the 18th day of April, 2018.

John Johnston
United States Magistrate Judge